IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************
UNITED STATES OF AMERICA,

      v.

RICHARD CURTIS,

               Defendant.
*********************************

Case No. 5:22-CR-006 (GTS)

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court sentence the defendant to a low end of the guideline sentence, with a term of lifetime supervised release.

**I**

**INTRODUCTION**

On January 25, 2022, the defendant pled guilty to Count 1 of a single-count information charging on or about September 12, 2017, in Onondaga County in the Northern District of New York, the defendant, Richard Curtis, did knowingly receive child pornography using a means and facility of interstate and foreign commerce, shipped and transported in and affecting such commerce by any means, including by computer, in that the defendant using a social media messaging application, received, via the internet, one or more graphic video files containing images of a minor or minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252A(a)(2)(A). The defendant is scheduled to be sentenced on May 24, 2022 in Syracuse, New York.

1

II

**APPLICABLE STATUTORY AND GUIDELINES PROVISIONS**

1) **Statutory Sentencing Provisions**

The defendant is punishable as follows on Count One: imprisonment of at least five years and up to twenty years (18 U.S.C. § 2252A(b)(1)); fine of up to $250,000 (18 U.S.C. § 3571(b)); and supervised release of at least five years and up to life (18 U.S.C. § 3583(k)).

2) **Restitution**

To the extent that the victims depicted in the image and video files involved in the defendant's offenses may request restitution, they are entitled to recover from him "an amount that comports with the defendant's relative role in the causal process that underlies the victims' general losses," which shall be a "reasonable and circumscribed award imposed in recognition of the indisputable role of the [defendant] in the causal process underlying the victim[s'] losses and suited to the relative size of that causal role." *Paroline v. United States*, __U.S.__, 134. S.Ct. 1710, 1727 (2014). Moreover, pursuant to his plea agreement, the defendant consented to restitution pursuant to 18 U.S.C. § 2259(b). To date no claims have been submitted.

3) **Special Assessments**

For Counts 1 a special assessment of $100 is mandatory, for a total of $100. 18 U.S.C. § 3013. The defendant is also subject to the provisions of the Justice for Victims of Trafficking Act (JVTA) of 2015. In addition to the assessment imposed under § 3013, unless the court finds the defendant to be indigent, the defendant shall pay an additional assessment of $5,000 pursuant to 18 U.S.C. § 3014(a). This assessment is payable only after the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-

compensation arising from the criminal convictions on which this assessment is based. 18 U.S.C. § 3014(b).

4) **Guidelines Provisions**

    a. **Offense Level Computation**

According to the presentence report, the defendant's Total Offense Level is 37. PSR ¶ 36. The government agrees with the Probation Office's determination of the defendant's Total Offense Level.

    b. **Criminal History Category**

According to the presentence report, the defendant's criminal history category is II. PSR ¶ 48. The government agrees with the Probation Office's determination of the defendant's criminal history category.

    c. **Offense Level/Guidelines Calculation**

The Government has no objection to the offense level calculations in the PSR, resulting in a total offense level of 37, a Criminal History Category of II and a Guidelines range of 235-240 months. PSR ¶ 85.

    d. **Supervised Release**

U.S.S.G. §5D1.2(b) (Policy Statement) recommends the statutory maximum term of supervised release should be imposed when the offense of conviction is a sex offense. Here, the defendant's offense of conviction is a sex offense as it is one perpetrated against a minor under chapter 110 of Title 18, and the maximum and recommended term of supervised release is, accordingly, life. U.S.S.G. §5D1.2, App. Note 1; 18 U.S.C. §3583(k), PSR ¶ 90.

  e.  **Fine**

  The Government agrees with the conclusion set forth in the PSR that the defendant does not appear to have the ability to pay a fine or additional special assessment. PSR ¶ 83.

III

**GOVERNMENT'S SENTENCING RECOMMENDATION**

  Based on all of the information before the Court, including the information set forth in detail in the PSR and Plea Agreement the Government would ask that the Court sentence the defendant consistent with the factors set forth in 18 U.S.C. § 3553(a) followed by a lifetime term of supervised release.

  As set forth in the PSR, and in part in the plea agreement at paragraphs 5(b)-5(d) the defendant has admitted to the sexual exploitation of a minor in this matter. PSR ¶19. This takes him out of the realm of a typical collector of child pornography who merely trades or otherwise amasses his collection. In this case, the defendant engaged in a series of e-mail exchanges with a 12 year-old female victim over the course of 5 weeks and during those exchanges the defendant solicited and received sexual images and videos from the victim. PSR ¶¶9-17. In addition to soliciting images from the victim he also encouraged her to recruit other children that he could sexually exploit. PSR ¶¶13 and 16. In a subsequent interview with the FBI the defendant admitted to engaging in similar conduct with numerous children. PSR ¶19.

  Another factor that is particularly alarming to the government and important to consider in sentencing the defendant in this matter is his significant criminal history at a very young age. PSR ¶¶46-47. The defendant has been convicted of both Possessing a Sexual Performance by a Child less than 16, a case in which he admitted to viewing child pornography for years, as well as Criminal Sex Act--3rd Degree. *Id.* With respect to the hands on abuse the defendant admitted to

performing oral sex on a 9 year-old male on 2 separate occasions and filming that act, as well as touching the vagina of another 9 year-old. PSR ¶47.

Given the defendant's conduct in this case as well as his troubling criminal history, the Government believes that any sentence the Court imposes in this matter should contain a very significant period of supervised release. As such, the Government asks the Court to sentence the defendant consistent with the factors set forth in 18 U.S.C. § 3553(a) followed by a lifetime term of supervised release.

Respectfully submitted this 28th day of April, 2022

                              CARLA B. FREEDMAN
                              United States Attorney

By:    */s/ Geoffrey J. L. Brown*
        Geoffrey J. L. Brown
        Assistant United States Attorney
        Bar Roll No. 513495